IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KIM R. JIM,

       Plaintiff,

v.                                   No. _____

SHIPROCK ASSOCIATED SCHOOLS, INC.

       Defendant.

## COMPLAINT

Plaintiff alleges:

1.      This action arises under Title VII of the Civil Rights Act of 1964 and the Americans With Disabilities Act. Jurisdiction is appropriate in this Court pursuant to, *inter alia*, 42 U.S.C. § 2000e-5.

2.      Plaintiff alleges that Defendant discriminated against her on the basis of her pregnancy.

3.      Plaintiff has completed the procedures in the Equal Employment Opportunity Commission and has the right to sue.

4.      Plaintiff bases her charge that she was discriminated because of her pregnancy upon the following facts.

5.      Defendant abolished Plaintiff's position and terminated her due to her pregnancy.

6.     Eva Stokely and Frank Smith, Defendant's board members, both said that because Plaintiff was on maternity leave she was "slowing things down" and needed to be replaced.

7.     Defendant forced her to work during her maternity leave. Plaintiff was given a directive to work during her maternity leave, or face discipline for insubordination.

8.     When Plaintiff went on her maternity leave, Defendant refused to give her access to her personal belongings. She was treated as if she was a former employee.

9.     While Plaintiff was on maternity leave, Defendant revoked all her passwords.

10.    While pregnant, Plaintiff was directed to drive board members long distances even though she informed them that she could not drive long distances due to her pregnancy. Driving for board members was not in Plaintiff's written job description.

11.    Plaintiff complained on May 1, 2014 about pregnancy discrimination. The governing board refused to respond in any way.

12.    Plaintiff made a request of Executive Director Frank Todacheeny to accommodate her pregnancy due to complications posed by her workload. Although Mr. Todacheeny tried to help, the school board refused to accommodate her pregnancy.

13.    Freda Nells, principal, tried to force her to have to reapply for her job when she never had had to reapply for her job previously. Regarding why she would have to reapply for the first time, Ms. Nells said that she should not get "special treatment" because of her pregnancy.

14.    The horrible stress caused by Defendant's pregnancy discrimination caused Plaintiff extreme emotional harm. Plaintiff was forced to seek medical help to assist in recovering from this mental anguish.

15.    Plaintiff was damaged by the discrimination, and she demands recovery of these damages, including lost pay, emotional harm damages, attorneys' fees, costs and such other relief as the Court deems appropriate.

*The Law Offices of David R. Jordan, P.C.*

*/s/ David R. Jordan*
1995 State Road 602
PO Box 840
Gallup, NM 87305-0840
Telephone (505) 863-2205
Fax (866) 604-5709