# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

KIM R. JIM,

    Plaintiff,

v.                                                                                   No. CIV 17-1114 RB/KBM

SHIPROCK ASSOCIATED SCHOOLS, INC.,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and, in the Alternative, for Failure to State a Claim upon Which Relief can be Granted, filed on February 8, 2018. (Doc. 5.) Having considered the motion, briefs, and relevant law, the Court finds that Defendant's motion shall be converted into a motion for summary judgment, and the parties shall be given time for limited discovery on the issue of subject matter jurisdiction.

Plaintiff accuses Defendant, her previous employer, of discriminating against her due to her pregnancy. Plaintiff asserts claims under Title VII of the Civil Rights Act of 1964 (Title VII) and the Americans with Disabilities Act (ADA). Defendant moves to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on the basis that it should be considered an "Indian tribe" and, as such, is exempt from coverage under both Title VII and the ADA. Because the issue of subject matter jurisdiction is intertwined with the merits of Plaintiff's claims, the Court will convert Defendant's motion to dismiss into one for summary judgment and give the parties time to conduct limited, relevant discovery.

## I. Legal Standard

In its motion to dismiss, Defendant argues that this Court does not have subject matter jurisdiction over Plaintiff's claims. (*See* Docs. 5; 6.) Motions to dismiss under Rule 12(b)(1) "generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." *Campos v. Las Cruces Nursing Ctr.*, 828 F. Supp. 2d 1256, 1265 (D.N.M. 2011) (quoting *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002) (internal citations omitted)). "On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a rule 12(b)(6) motion: the court must consider the complaint's allegations to be true." *Id.* (quoting *Alto Eldorado Partners v. City of Santa Fe*, No. Civ. 08-0175 JB/ACT, 2009 WL 1312856, at *8 (D.N.M. Mar. 11, 2009), *aff'd*, 634 F.3d 1170 (10th Cir. 2011) (internal citations omitted)).

"But when the attack is factual, a district court may not presume the truthfulness of the complaint's factual allegations" and may "allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 [summary-judgment] motion." *Id.* (quoting *Alto Eldorado Partners*, 2009 WL 1312856, at *8–9 (internal quotation omitted)). "However, a court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case." *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995) (citing *Wheeler v. Hurdman*, 825 F.2d 257, 259 (10th Cir. 1987); *Redmon v. United States*, 934 F.2d 1151, 1155 (10th Cir. 1991)). "The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is

dependent on the same statute which provides the substantive claim in the case." *Id.* (citing *Wheeler*, 825 F.2d at 259).

## II. Discussion

Defendant argues that the Court should dismiss Plaintiff's complaint for lack of subject matter jurisdiction, because Defendant is an "Indian tribe" for purposes of both Title VII and the ADA and is exempt from coverage under both statutes. (*See* Docs. 5; 6.) Defendant also argues that the Court should dismiss Plaintiff's complaint for failure to state a claim on the very same basis. (Doc. 6 at 7.)

Both Title VII of the 1964 Civil Rights Act and Title I of the ADA exempt Indian tribes from the definition of "employer." *See* 42 U.S.C. § 2000e(b) (defining "employer" but specifically excluding from the definition, in relevant part, "an Indian tribe"); 42 U.S.C. § 12111(5)(B) (same). Thus, Defendant argues that if it is not an "employer" within the definition of the federal statutes, this Court lacks subject matter jurisdiction as Plaintiff has no viable federal claims. (Doc. 5 at 2.) The resolution of this issue is necessarily intertwined with the merits of Plaintiff's claims, as Plaintiff will be unable to state a claim if she cannot establish that Defendant is an "employer" under either statute. *See Clark v. Tarrant Cty.*, 798 F.2d 736, 742 (5th Cir. 1986) ("Here the federal statute, Title VII, both conveys jurisdiction and creates a cause of action. The determination of whether appellants come within an exception of Title VII is intertwined with the merits of the Title VII claim.").

Plaintiff has requested limited discovery on the issue of subject matter jurisdiction. (*See* Doc. 11 at 2–3.) The Court will allow the parties until November 15, 2018, to complete this limited discovery.

Because the Court must decide whether Defendant is an "employer" within both federal statutes to resolve the issue of subject matter jurisdiction, and because the Court will allow the parties to conduct limited, relevant discovery on this issue, the Court will convert Defendant's motion to dismiss into one for summary judgment. *See Holt*, 46 F.3d at 1003.

**THEREFORE**,

**IT IS ORDERED** that the parties have until **November 15, 2018**, to conduct limited discovery on the issue of subject matter jurisdiction;

**IT IS FURTHER ORDERED** that Defendant's motion to dismiss shall be converted into a motion for summary judgment. Defendant shall, no later than **November 30, 2018**, file a supplemental memorandum in support of the motion for summary judgment, in accordance with D.N.M. LR-Civ. 56.1(b). Plaintiff may file a supplemental response in opposition to the motion for summary judgment within 14 days from the date the supplemental memorandum is filed. Defendant may file a supplemental reply within 7 days from the date the supplemental response is filed.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE